Filed 10/16/20  P. v. Thornton CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B300720 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. NA111401 |
| KHALIL THORNTON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Tomson T. Ong, Judge. Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Defendant Khalil Thornton pled no contest to assault with a deadly weapon. The trial court suspended imposition of sentence and placed him on three years' formal probation. Defendant appeals from the probation order. We affirm.

## BACKGROUND

Per the probation report, on March 2, 2019, defendant stole a can of soda from Vera's Meat Market. Defendant also threw a can of beer at Janet Valenzuela and nearly hit her. Valenzuela told the responding officers she was in fear for her safety and the life of her unborn child. After defendant left the store without paying for the soda, Alberto Perez chased after him. Defendant responded by charging towards Perez and tried to hit Perez with the can of soda. Defendant was arrested and transported to the Long Beach Police Station.

By felony complaint filed on March 5, 2019, defendant was charged with robbery (Pen. Code,[1] § 211), and two counts of assault with a deadly weapon, the beer and soda cans. (§ 245, subd. (a)(1).) The complaint alleged that these offenses were serious felonies under section 1192.7, subdivision (c).

On March 13, 2019, defense counsel declared a doubt as to defendant's mental competence and criminal proceedings were suspended under section 1368. On June 5, 2019, the court found, based on a report submitted by Dr. Donald Brown, that defendant was competent to stand trial. Accordingly, the court reinstated criminal proceedings.

---

[1] All undesignated statutory references are to the Penal Code.

On June 19, 2019, defendant pled no contest to one count of assault with a deadly weapon as a strike under section 245, subdivision (a)(1). The court suspended imposition of sentence and placed him on formal probation for three years subject to certain terms and conditions. Defendant received credit for time served and was released from custody. At the conclusion of the hearing, the court dismissed the remaining charges.

Defendant filed a notice of appeal from the probation order, and we appointed counsel to represent him. On April 28, 2020, appointed counsel filed a brief in which he raised no issues and asked us to determine if the court committed any error in the sentencing proceedings under *People v. Wende* (1979) 25 Cal.3d 436.[2] After the record was augmented by this court, appointed counsel reiterated that he wished to proceed under the previously filed *Wende* brief. Defendant was notified that his attorney had filed a brief that raised no issues and that he could submit a supplemental brief he wished this court to consider. We have not received a response.

## DISCUSSION

We have examined the entire record, and are satisfied appellate counsel has fully complied with his responsibilities and no arguable issues exist in the appeal before us. (*Smith v.*

---

[2] Before challenging the validity of a guilty or no contest plea, a criminal defendant must obtain from the trial court a certificate of probable cause under section 1237.5. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1099.) Here, defendant never obtained a certificate of probable cause. Accordingly, his appeal is limited to challenging issues that arose after the plea was entered.

*Robbins* (2000) 528 U.S. 259, 278–284; *People v. Wende, supra,* 25 Cal.3d at p. 443.)

## DISPOSITION

The order is affirmed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


LAVIN, Acting P. J.

WE CONCUR:


EGERTON, J.


DHANIDINA, J.